**FULL GOSPEL FELLOWSHIP, a Not–for–Profit Corporation, Plaintiff–Respondent,**

v.

**Bruce STOCKWELL and Patricia Stockwell, Respondents.**

No. 70233.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 18, 1997.

C. David Henderson, Monroe City, for defendants/appellants.

Rolin T. Boulware, Shelbina, for plaintiff/respondent.

BLACKMAR, Senior Judge.

The trial court enjoined the defendants from interfering with access to the plaintiff's church through the use of a gravel road on the defendants' property, concluding that there was an implied grant of an easement. We affirm. We state the facts which the trial judge could have found in support of the judgment.

In 1981 Bernie Ragsdale and Dollie Ragsdale, husband and wife, were the owners of a 13.29 acre tract adjoining State Highway 154 in Monroe County, Missouri. In that year they conveyed a parcel of 1.70 acres in the southeast corner of that tract to the plaintiff, which undertook the construction of a church. At the time of the conveyance there was a gravel roadway providing access to Highway 154. The deed did not mention an easement, but Bernie Ragsdale advised the then pastor that members and guests of the church could use the roadway as they needed it. The roadway has been used for access to the church up to the present time, most recently under the restrictions of a temporary injunction.

The Ragsdales' property was later acquired by George and Joan Jacobs who complained about the condition of the roadway

and threatened to revoke the church's authority to use the roadway. An agreement was then negotiated between the church and the Jacobs, dated March 21, 1988, granting the church the right to use the roadway, with an obligation to maintain it. This agreement expired by its terms after 12 months and was never extended or renewed.

The Jacobs later conveyed the property to the defendants. In 1995 the defendants asserted that they had the right to deny the church the right to use the roadway and erected fence posts along their boundary line. The present action resulted, in which the plaintiff church sought an injunction and the defendants counterclaimed to quiet title to the roadway.

The trial court heard evidence and granted the injunction as prayed. The trial judge also denied relief on the counterclaim. He accompanied his decree with a statement of facts and an order setting forth his legal analysis. He found explicitly that:

> ... the easement on the estate of the Defendants was visible, open, beneficial and reasonably necessary at the time Bernie Ragsdale sold the Plaintiff its estate herein. This road right-of-way provides Plaintiff and others, the only reasonable and safe means of ingress and egress to Highway 154.

There was evidence that the church could obtain a permit allowing it to provide direct access from its property to Highway 154, but that the permit would contain a notation that there was a potential sight distance problem for vehicles traveling on the highway.

We conclude that the trial court's findings and conclusions are amply supported by evidence, and that they meet the legal test for finding an easement by implication as set out in the frequently cited case of *Greisinger v. Klinhardt,* 321 Mo. 186, 9 S.W.2d 978, 980 (1928), and expounded in *Schnider v. M.E.H. Realty Inv. Co.,* 239 Mo.App. 546, 193 S.W.2d 69, 72 (1946). In the latter case the court, citing standard authorities, expressed the essential elements of an easement by implication as follows:

> (1) A separation of the title; (2) necessity that, before the separation takes place,

the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; and (3) necessity that the easement be essential to the beneficial enjoyment of the land granted or retained. Another essential is sometimes added to these-namely, that the servitude be continuous, as distinguished from temporary or occasional. *Schnider* 193 S.W.2d at 72 (quoting 17 Am.Jur. p. 948, § 34).

These authorities also hold that the test of necessity is not absolute necessity but rather reasonable necessity. *See also Causey v. Williams,* 398 S.W.2d 190, (Mo.App.1966).

The evidence shows that the plaintiffs met the standard just detailed. The roadway provided the only access from the highway to the improvements on the property. It is of no significance that the church did not exist at the time it acquired the property, because the roadway was being used and access to the highway was necessary for any use of the parcel conveyed. The trial judge could also find the element of necessity because any alternate route to the highway would be less safe. The cases cited above sustain the principle of deference to the trial judge's determination of necessity. They also hold that it is easier to find an implied grant than an implied reservation because the grantor controls the form of the conveyance. *Schnider,* 193 S.W.2d at 74.

The defendants argue that the evidence shows that the church's use of the roadway was permissive rather than as a matter of right. They adduce the testimony of Dollie Ragsdale to the effect that her husband told the pastor that if the Ragsdales sold the land the roadway would go with the property. The trial judge was not obliged to accept this testimony, which conflicts with the pastor's recollection of the discussions preceding the conveyance. Defendants also point to the 1988 agreement as evidence that the church recognized the owners' right to revoke the permission to use the roadway. If the plaintiff's theory is sound, however, then the easement was created at the time of the initial conveyance, and the 1988 agreement does not purport to be a conveyance extinguishing

existing rights in the land. The 1988 agreement also dealt with maintenance and repair, as to which no prior agreement had been shown.

There is a lesson in the entire record, which bears witness to the problems that people often face when they proceed informally in entering into important real estate transactions without the benefit of legal counsel. People who do this often find themselves in expensive and protracted litigation over matters which might have been settled at the outset by the payment of modest fees.

We do not understand the defendants' second point, in which it is asserted that the court erred in finding that a timely request for findings of fact and conclusions of law was not made. The record shows that, in spite of his finding that the request was not timely, the trial judge gave both parties the opportunity to submit requested findings of fact and conclusions of law. He then entered an order containing a statement of the facts he found and explaining his legal reasoning. Nothing more is required by Rule 73.01.

The decree is affirmed.

AHRENS, C.J., and CRANDALL, J., concur.